UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ERIC DAVID ZEMEKA,** *et al.*,

    Plaintiffs,

        v.

**ERIC H. HOLDER, JR., Attorney General
of the United States,** *et al.*,

    Defendants.

Civil Action No. 12-1619 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Eric and Annie Zemeka were married in March 2010 in Maryland. Annie, an American citizen, then filed an I-130 petition with the U.S. Citizenship and Immigration Service to obtain "immediate relative" status for Eric, a native of Cameroon. USCIS denied the petition on the ground that Eric was permanently barred from obtaining such status because his prior wife, Sabrina Stephens, had previously filed an I-130 petition for him based on a fraudulent marriage. Plaintiffs have filed this action asking the Court to find USCIS's determination arbitrary and capricious. Defendants have now moved to dismiss, contending Plaintiffs cannot meet that standard. As neither party bases its pleadings on the administrative record, the Court will deny the Motion without prejudice and permit Defendants to renew their arguments in a motion for summary judgment.

The Court has jurisdiction to review a final agency decision denying an I-130 petition on the basis of marriage fraud under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* See, e.g., Ginters v. Frazier, 614 F.3d 822, 828-29 (8th Cir. 2010) (finding U.S. District Court has subject-matter jurisdiction to review USCIS denial of I-130 Petition). Pursuant to the APA, the

1

Court reviews agency decisions to determine if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review." Loma Linda Univ. Med. Ctr. v. Sebelius, 684 F. Supp. 2d 42, 52 (D.D.C .2010) (citing Stuttering Found. of Am. v. Springer, 498 F. Supp. 2d 203, 207 (D.D.C. 2007)).

Instead of waiting for summary judgment, however, defendants may have solid grounds for moving to dismiss complaints in cases brought under the APA. For example, there may be jurisdictional bars such as standing, finality, or ripeness. See Brown v. FBI, 793 F. Supp. 2d 368, 375-376 (D.D.C. 2011) (standing); West v. Horner, 810 F. Supp. 2d 228, 236-237 (D.D.C. 2011) (finality); Nat'l Wildlife Fed'n v. EPA, No. 13-167, 2013 WL 2112178, at *4-8 (D.D.C. May 16, 2013) (ripeness). In this case, however, the only argument that Defendants raise is the merits point that "the Agency's decision was plainly correct." Motion at 1, 8, 9, 10. In so doing, the Court would naturally expect the Government to rely on the administrative record of the agency's proceedings. Instead, the only citations the Government offers are ones to the Complaint and two documents attached thereto. See id. at 2-5 (citing Compl., Attach. 7 (7/31/12 BIA Decision and 10/26/11 USCIS Denial). While it is conceivable that these may be sufficient to corroborate Defendants' position, the case becomes substantially muddied by Plaintiffs' reliance on evidence wholly extrinsic to the agency record: the Zemekas attach two new affidavits and other documentary evidence in support of their Opposition. See Opp., Exhs. A-F. Only with Defendants' Reply is the nearly 700-page administrative record actually filed. See ECF No. 13. The procedural posture of the case, therefore, is hardly conducive to its resolution.

2

This is so because review by this Court under the APA is generally limited to the administrative record that was before the agency when it reached its decision. Voyageurs Nat'l Park Ass'n v. Norton, 381 F.3d 759, 766 (8th Cir. 2004). "Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Cottage Health Sys. v. Sebelius, 631 F. Supp. 2d 80, 89-90 (D.D.C. 2009) (internal quotation marks omitted).

Section 706 of the APA establishes that "the reviewing court shall . . . review the whole record or those parts of it cited by a party." 5 U.S.C. § 706; Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citing Ctr. for Auto Safety v. Fed. Highway Admin., 956 F.2d 309, 314 (D.C. Cir. 1992)). The Supreme Court defined "the whole record" to include "the full administrative record" that was before the decision-makers. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977). "Limiting review of the administrative record to only what the agency decision[-]makers directly or indirectly considered is important. A broad application of the phrase 'before the agency' would undermine the value of judicial review.'" Pac. Shores, 448 F. Supp. 2d at 5. A fair review of an agency decision therefore requires that a reviewing court "should have before it neither more nor less information than did the agency when it made its decision." Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984); see also Hill Dermaceuticals, Inc. v. Food & Drug Admin., 709 F.3d 44, 47 (D.C. Cir. 2013) ("it is black-letter administrative law that in an APA case, a

3

reviewing court should have before it neither more nor less information than did the agency when it made its decision") (internal quotation marks omitted).

Under exceptional circumstances, courts may permit a party to present "extra-record" evidence – "evidence outside of or in addition to the administrative record that was not necessarily considered by the agency." Pac. Shores, 448 F. Supp. 2d at 5. To invoke this limited exception, the D.C. Circuit previously required that a party prove the applicability of one of eight exceptions. See Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). These exceptions are:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Id. (internal citations omitted). More recently, these exceptions appear to have been narrowed. See Theodore Roosevelt Conservation P'ship v. Salazar, 616 F.3d 497, 514 (D.C. Cir. 2010) ("The APA limits judicial review to the administrative record except when there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review") (internal quotation marks omitted); Axiom Res. Mgmt. v. United States, 564 F.3d 1374, 1380 (Fed. Cir. 2009) ("Esch's vitality even within the D.C. Circuit is questionable in light of more recent opinions by that court which demonstrate a more restrictive approach to extra-record evidence"); IMS, P.C. v. Alvarez, 129 F.3d 618, 624 (D.C. Cir. 1997) (listing only four instances in which consideration of extra-record evidence is appropriate). The presumption against reviewing extra-record evidence has "'its maximum force when the

4

substantive soundness of the agency's decision is under scrutiny. . . .'" The Cape Hatteras Access Pres. Alliance v. U.S. Dep't of Interior, 667 F. Supp. 2d 111 (D.D.C. 2009) (quoting Esch, 876 F.2d at 991).

Plaintiffs do not explain why their new evidence may appropriately be considered by the Court under Esch or the more recent cases articulating the standard for extra-record evidence. They have simply appended these exhibits to their Opposition to "give a better understanding behind the facts" and "provide an accurate summary of the relevant facts." See Opp. at 2; see also id. at 15 (listing exhibits A through F, of which only D was submitted to USCIS). In their Opposition, moreover, Plaintiffs suggest that they intend to submit "additional evidence to establish their case" but again provide no justification as to why such evidence could be introduced. Id. at 13. The appropriate time to have submitted this evidence was in response to USCIS's Notice of Intent to Deny, issued September 13, 2011, at which point Plaintiffs were "afforded the opportunity to . . . submit any additional evidence in support of the visa petition." AR 108. Plaintiffs provide no explanation for their untimely submission.

The Court, therefore, believes that the most appropriate course here is to deny the Motion to Dismiss and require Defendants to renew their arguments in a motion for summary judgment with citations to the administrative record. Plaintiffs may then oppose, again confining their citations to the record unless they believe there is some other means to introduce extrinsic evidence. The Government may then reply. At that point, the Court will be in a position to determine whether the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review. Although there are certainly circumstances in which a court may convert a motion to dismiss into one for summary judgment, see Fed. R. Civ.

P. 12(d), this is not one of them. It is not the Court's role in the first instance to sort through the full record to look for support for each party's position.

The Court, therefore, ORDERS that:

1. Defendants' Motion is DENIED WITHOUT PREJUDICE; and

2. Defendants may file a motion for summary judgment by September 18, 2013;

Plaintiffs may oppose by October 4, and Defendants may reply by October 15.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: August 28, 2013